**Luis C. SANTOS, Appellant,**

v.

**AMERICAN EXPORT LINES, INC.,
Appellee.**

No. 240, Docket 29157.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1964.

Decided Dec. 11, 1964.

———❖———

Sheldon Tabak, New York City (T. Lawrence Tabak, of counsel), New York City, for appellant.

Haight, Gardner, Poor & Havens, New York City (Stephen K. Carr, M. E. De-Orchis, of counsel), New York City, for appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Appellant, a merchant seaman, sought to recover for personal injuries he suffered while employed on the S.S. Independence of the defendant's fleet. The original complaint contained claims for recovery arising from defendant's alleged negligence and from the alleged unseaworthiness of the vessel. The case was tried to a jury, during trial the negligence claim was withdrawn, and the sole question submitted to the jury was that of alleged unseaworthiness based upon the seaman's claim that he slipped and fell from a freshly painted ladder which was wet from dripping water. The jury returned a verdict for defendant.

On appeal plaintiff presents two claims of trial error that are urged as grounds for a remand for a new trial. First, plaintiff claims that the court below erred in permitting one Captain Zimmerman, the defendant's deck department head at the time of trial who had served continuously on board the "Independence" from seven months prior to the accident to four years afterward (but who was not on board during the 20 day trip when this accident occurred) to testify as to the construction of the ladder and the type and properties of the paint used on it.

Plaintiff's second claim arises from his exception to the court's refusal to charge that the plaintiff did not assume the risks of his employment. He asserts he was prejudiced by this refusal.

■ When the case went to the jury the only liability issue for resolution was that of the alleged unseaworthiness of the ladder. The challenged testimony was properly admitted on that issue and the trial judge's refusal to give the non-assumption of risk charge as requested was within his discretion. The charge to the jury was fair and the jury was accurately instructed as to the law governing the defendant's liability. Furthermore, when the general verdict for the defendant was returned the foreman of the jury voluntarily stated that:

"The verdict is that the jury has come to unanimous decision that the ladder was seaworthy and finds in favor of the defendant * * *"

The judgment below for the defendant is affirmed.